## 49380. TUGALO DEVELOPMENT CORPORATION v. INSURANCE COMPANY OF NORTH AMERICA.

QUILLIAN, Judge.

Tugalo Development Corporation filed a complaint against Insurance Company of North America, alleging that certain payments made by Tugalo in settlement of claims against it were covered by a policy of insurance which the defendant had issued to Tugalo. The defendant denied coverage. The parties entered into a stipulation of facts and both moved for summary judgments.

The stipulation of facts stated in part that Tugalo owned and operated Harbor Light Marina and was the holder of a policy of insurance issued by the defendant; Tugalo made arrangements to transport a houseboat which it owned from the Harbor Light Marina to Atlanta, Georgia, where the boat would be shown and hopefully sold at the annual Boat Show; Clennan Smith was to furnish a tractor-trailer and a driver; Smith was to be paid a flat fee, and the driver was to be instructed and paid by Tugalo; the driver, subject to Tugalo's control, was driving the tractor-trailer carrying the houseboat to Atlanta and was involved in a collision; claims against Tugalo arising from the collision were compromised and paid by Tugalo; the settlement was reasonable and justified by the damages and injuries sustained and Tugalo's liability; the defendant had been duly notified of the claims, but denied coverage.

The trial court granted defendant insurer's motion for summary judgment and denied plaintiff Tugalo's motion for summary judgment.

The defendant filed an appeal from both rulings and the case is here for review. *Held:*

1. The plaintiff contends that the provisions of the policy were sufficient to provide liability coverage for loss it sustained as a result of the collision of the truck driven by its agent. The policy which the defendant issued the plaintiff was a "Boat Dealers/Repairs and Marine Operators Policy." For a better understanding of the case we here reproduce the front page of the policy.

POLICY
DECLARATIONS
Renewal of YD 12 79

**INSURANCE COMPANY OF NORTH AMERICA**
PHILADELPHIA, PA. 19101  A STOCK COMPANY

BOAT DEALERS/REPAIRERS AND
MARINA OPERATORS POLICY

**YD    13 87**

In consideration of the premiums hereinafter mentioned, this Company insures:
Tugalo Development Corporation d/b/a
Harbor Light Marina
N/S Hwy. #85 at Lake Hartwell
Lavonia, Georgia

At and from the 23rd day of August, 1971
Until the 23rd day of August, 1972
Beginning and ending with Noon, Standard Time at place of issuance.

**PHYSICAL DAMAGE—HULL AND MACHINERY**

This insurance is limited to those coverages named in the schedule below which are indicated by a premium written opposite thereto.

| SECTION | AMOUNT OF DEDUCTIBLE | AMOUNT OF INSURANCE | | DEPOSIT PREMIUM |
|---|---|---|---|---|
| A—Boats and Outboard Motors owned and offered for sale | $ 250. | $ 30,000. Any One Boat<br>$ 2,000. Any Outboard Motor<br>$ 150,000. Any One Accident | | $ 500. |
| B—Owned Boats and/or their equipment used in the conduct of the Assured's business | $<br>$<br>$ | $ on Not covered<br>$ on hereunder<br>$ on | | $<br>$<br>$ |

**LIABILITY**

| SECTION | AMOUNT OF DEDUCTIBLE | AMOUNT OF INSURANCE | DEPOSIT PREMIUM |
|---|---|---|---|
| C—Ship Repairer's Liability | $ 500. | $ 30,000. Any One Boat<br>$ 100,000. Any One Accident | $ 300. |
| D—Wharfinger's Liability | $ 10,000. | $ 30,000. Any One Boat<br>$ 100,000. Any One Accident | $ Incl. in C |
| E—Protection & Indemnity | $ 100. | $ 100,000. Bodily Injury—Any One Person<br>$ 300,000. Bodily Injury—Any One Accident<br>$ 50,000. Property Damage | $ 500. |
| | | TOTAL PREMIUM Minimum and Deposit | $ 1,300. |

**POLICY RATES**

**SECTION A**
Boats Held for Sale _____ $ .60 per $100 of Values at risk during the Reporting Period.
Boats in Transit via Common or Contract Carrier _____ .60 per $100 of Values at risk during the Reporting Period.
Boats in Transit via Owned Vehicle _____ .60 per $100 of Values at risk during the Reporting Period.
Boats Afloat _____ .60 per $100 of Values at risk during the Reporting Period.

**SECTION C** _____ $1.50 per $100 of Gross Receipts during the Reporting Period.

**SECTION D**
Dock Rentals _____ $1.50 per $100 of Gross Receipts during the Reporting Period.
Fuel & Oil Sales _____ 1.50 per $100 of Gross Receipts during the Reporting Period.

**REPORTING PERIOD**

It is hereby understood and agreed that the Reporting Period mentioned elsewhere in this Policy shall be Quarterly

**NAVIGATION LIMITS**

While afloat, warranted by the Assured that any yacht insured by this policy will be confined to waters within a 50 mile radius of the Assured's premises.

**LOSS PAYABLE**

Each loss, if any, under Section(s) A shall be payable to the Assured and First National Bank, Atlanta, Georgia, as their respective interests may appear.

Agency Paine Insurance and Realty Co.
240 E. Washington Street
Athens, Georgia 30601

Countersigned at Athens, Georgia
this 23rd day of August, 1971
*Rufus R. Paine* , Agent

B 2893  4 28 67  Ptd. in U.S.A.

ORIGINAL

It is clear Sections A and B of the policy provide protection for loss because of property damage which might result to the insured boats which were owned or offered for sale.

Sections C and D were designed to protect the insured from liability for property damage arising through the operation of the marina.

Section E provides the insured with liability coverage for property damage and personal injury. Section E provides in part: "If the assured shall by reason of his interest in any boat insured in Sections A, B and/or C become liable to pay and shall pay any sum or sums in respect of any responsibility, claim, demand, damages, or reasonable expense arising from or occasioned by any of the following matters or things during the currency of this policy in respect of the boat insured . . ."

In the present case the appellant's liability and loss did not arise "by reason of his interest in any boat." The appellant's loss was the result of the negligent operation of the truck which was being driven by its servant rather than the ownership of the boat.

2. Section E of the policy also provided: "The coverage afforded under this section shall not apply: . . . (d) To any liability incurred by the insured boat while it is ashore."

This court has noted that in the absence of extensive Georgia law on maritime issues, general principles will apply. *Mathis v. Hanover Ins. Co.,* 127 Ga. App. 89, 90 (192 SE2d 510). It is thus pertinent to note that "Protection and Indemnity" clauses traditionally protect against liability incurred through the ownership and *operation* of boats. See Cohan, "Legal and Practical Implications of Purchasing a Pleasure Boat," 37 Temple L. Q. 401, 418 and 420; Libby, "Some Aspects of Protection and Indemnity Insurance," 1952 Ins. L. J. 684, 685.

The only reasonable interpretation of this provision of the policy is that Section E of the policy in regard to "Protection and Indemnity" applies only to the insured boat when it is not ashore. Therefore, the loss in this case is not covered by the policy because the loss occurred while the boat was in transit on land.

The plaintiff contends that Section A of the policy

covered the boat while in transit, and therefore the defendant was liable for the damages caused to the other parties involved in the collision. This contention is without merit. The coverage provided in Section A of the policy was for physical damage which the plaintiff's boat might suffer while in transit rather than liability coverage against third parties.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted May 28, 1974 — Decided June 28, 1974 — Rehearing denied July 24, 1974.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., James C. Rawls,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart,* for appellee.